UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **08-21467-CIV-MORENO**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

10.00 ACRES OF LAND, MORE OR LESS, SITUATED IN MIAMI-DADE COUNTY, STATE OF FLORIDA and MICHAEL JOHN BOOTH, *et al.*, and UNKNOWN OWNERS,

    Defendants.
_____/

## ORDER AFFIRMING LAND COMMISSION'S REPORT

THE MATTER was referred to the Land Commission for a Report and Recommendation **(D.E. No. 54)**, filed on **May 6, 2010**. Magistrate Judge Turnoff reviewed the Land Commission's Report and filed an intervening Report and Recommendation **(D.E. No. 60)** on **September 3, 2010**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Land Commission's Report present, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the intervening report of Magistrate Judge Turnoff does not impede this Court's *de novo* review of the objections. *Platypus Wear, Inc. v. Horizonte Fabricacao Distribuicao Importacao Exportacao, Ltd.*, Case No. 08-20738-CIV-JORDAN, 2010 WL 1524691, *1 (S.D. Fla. Apr. 15, 2010) (district court, after *de novo* review, adopted magistrate judge's report and recommendation regarding special master's findings of fact). Judge Turnoff's report is helpful to the Court in its *de novo* review and does not impede that review.

**ADJUDGED** that Land Commission's Report **(D.E. No. 54)** is **AFFIRMED** as set forth in this order. Accordingly, it is

**ADJUDGED** that the Court affirms the Land Commission's report recommending an award of $750,000 to Michael Booth, the owner of 10 acres of land in the East Everglades. The Government objects to the Land Commission's report on several grounds. Below is a summary of the Government's Objections.

(1) First, the Government contends that Mr. Booth's appraiser erroneously considered a comparable property in Big Cypress, which the Government claims is too far from the subject property to be comparable. Both the Land Commission and Judge Turnoff found that the comparable property in Big Cypress presented persuasive evidence as to the value of the subject property. Both contained a hardwood hammock, a deep water pond, and a cabin. Both had recreational use designated as the highest and best use. The Government's witness, on the other hand, used a comparable property that was in closer proximity in the East Everglades, but amounted to swampland. Both the Land Commission and Judge Turnoff found the comparable property presented by the landowner to be more similar than that presented by the Government's appraiser. This Court agrees with the Land Commission that the property in Big Cypress served as a comparable property given the attributes that both properties share such as the hardwood hammock, the deep-water pond, and the cabin.

(2) The Government argued that the County Zoning Code section 33B applied to the subject property barring the types of improvements that add value. The landowner, however, testified the

cabin, which has no electricity or plumbing, is already in existence and did not require permitting. The cabin was constructed in the 1970s and was destroyed in Hurricane Andrew. It was reconstructed after Hurricane Andrew and the testimony was that because it lacked plumbing and electricity it was lawfully constructed without permits. Accordingly, this Court does not find that Chapter 33B precluded the construction of the cabin.

(3) Finally, the Government argues the landowner failed to meet his burden to establish that certain elements of the property added value, such as the hardwood hammock, the deep water pond, the various species of animals living on the property, and the cabin. Both the Land Commission and Judge Turnoff found the landowner met his burden that these elements added value to the property. This Court agrees that the landowner met his burden. It is also

**ADJUDGED** that this case is CLOSED and all other pending motions are DENIED as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 28th day of October, 2010.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

United States Magistrate Judge William Turnoff

Counsel of Record